MATTER OF K—B—W—

In DEPORTATION Proceedings

A–11967768

*Decided by Board April 11, 1962*

**Presumption of lawful admission for permanent residence—8 CFR 101.1(j)(1)—Adoptive child.**

The alleged adoptive child of a United States citizen who is not within definition contained in section 101(b)(1)(E) of the 1952 Act, because not legally adopted under the law of his residence (China), or of his alleged adoptive father's residence (California), cannot qualify for presumption of lawful admission for permanent residence under 8 CFR 101.1(j)(1).

CHARGES:

Order:  Act of 1952—Section 241(a)(2) [8 U.S.C. 1251 (a)(2)]—Entered without inspection.

Lodged: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry, no immigrant visa.

**BEFORE THE BOARD**

**DISCUSSION:** The case comes forward on appeal from the order of the special inquiry officer dated December 20, 1961, ordering respondent deported on the charges set forth above.

The order of the special inquiry officer contains a full discussion of the case. The record relates to a native and citizen of China who was born on May 3, 1935, under the name of W—, K—B—, the natural son of W—, Y—S— and D—S—, natives and citizens of China who have never resided in the United States. About the year 1944, when the respondent was 9 years of age, he was given by his parents to the family of W—, T—S—, a United States citizen, who however was not at that time in China. He resided with W—'s wife, Y—S—, and an aunt. The wife did not tell her husband about the adoption until after the war, in about 1945. The respondent's immigration mother has testified both that the respondent began to reside with her approximately in 1943 and when he was 9 years old. The respondent has testified that he was given to the W— family when he was about 9, during the war. The immigration father has testified that although he did not know exactly, his son was about 11 or 12 when he came into his family. In connection with

an affidavit executed for the purpose of identifying the respondent as a citizen of the United States and to facilitate his travel to the United States as a citizen, the immigration father made a sworn statement on May 26, 1947, before a notary public that the respondent was the issue of his marriage to Y—M—Q— or Y—S—, was born on CR 23–11–29 (January 4, 1935), and in connection with testimony he gave at the time of the respondent's application for admission as a citizen on September 8, 1947, he named the respondent as his son, born CR 23–11–29 (January 4, 1935), and replied in the negative to the specific question concerning whether he had ever adopted a son or a daughter.

Respondent has admitted through counsel that he is not a citizen or national of the United States; that he is a native and citizen of China; that he last entered the United States at Los Angeles, California, on or about February 3, 1957; and that he was then admitted upon his false claim to United States citizenship upon presentation of a United States passport.

The respondent was first admitted to the United States on September 8, 1947, at the port of San Francisco, California, as a United States citizen under the provisions of Public Law 271 (Act of December 28, 1945), accompanied by his immigration mother, Y—M—Q— and his immigration brother, W, Y—T—. Consul contends that proceedings should be terminated, arguing that the respondent is comprehended within the provisions of 8 CFR 101.1 (j)(1). This regulation provides that for a presumption of lawful admission for permanent residence in the case of:

An alien for whom there exists a record of admission prior to September 11, 1957, as a United States citizen who establishes that at the time of such admission he was the child of a United States citizen parent; he was erroneously issued a United States passport or included in the United States passport of his citizen parent accompanying him or to whom he was destined; no fraud or misrepresentation was practiced by him in the issuance of the passport or in gaining admission; he was otherwise admissible at the time of entry except for failure to meet visa or passport requirements; and he has maintained a residence in the United States since the date of admission. For the purposes of the foregoing, the terms "child" and "parent" shall be defined as in section 101(b) of the Immigration and Nationality Act, as amended.

In order to qualify as a child the respondent must meet the definition set forth in section 101(b)(1)(E) of the Act, as amended, which provides that the child shall have been adopted while under the age of 14 years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years. Conceding that the respondent otherwise qualifies,[1] the question remains to be decided whether the respondent was legally adopted pursuant to the prevailing law in China. Article 1079 of the

---

[1] *Matter of Y—K—W—*, 9—176.

Chinese Civil Code promulgated May 28, 1929, states that adoption shall be effected in writing, unless the person to be adopted has been brought up as a child of the adopting parents since infancy. The term "infancy" in this article has been construed to mean a child not more than seven years of age.[2] There is no evidence to establish a valid adoption under the laws of California where the immigration father resided.

Inasmuch as a valid adoption has not been established, the record fails to establish that the respondent was a child of a United States citizen at the time of his original admission in 1947 or at any time thereafter and he cannot qualify under the provisions of 8 CFR 101.1 (j)(1).[3] Nor is respondent eligible for a waiver of documents in connection with his last entry on February 3, 1957, since he was never lawfully admitted for permanent residence. We agree with the special inquiry officer that the charge in the order to show cause and the lodged charge are both sustained. Respondent declined to apply for any discretionary relief. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.

---

[2] *Matter of C—F—L*, 8—151, 153, referring to a memorandum supplied by the Far Eastern Law Division of the Library of Congress on the formality of adoption under the law of the Republic of China in which the age limitation of not more than 7 years was promulgated in a Judicial Yuan Advisory Opinion, 1942, No. Yuan 2332. The case of *Matter of W—M—G—*, 3—608, in which the term "infancy" was defined as early childhood or babyhood, concerned a child who was adopted when approximately 2 to 4 years old.

[3] We find it unnecessary to reach the question of whether a person is "erroneously" admitted as a United States citizen where the true facts are not revealed.