## MATTER OF TAM

### In Visa Petition Proceedings

### A–17113720

*Decided by Board April 10, 1968*

The 1939 infancy adoption in China by U.S. citizen petitioner's wife (while petitioner was in the United States) of beneficiary, who was given to her by a midwife, and whom petitioner believed to be his natural son until blood tests proved otherwise in 1967, at which time he consented to the adoption, thus ratifying the prior act of his wife in accordance with Article 1074 of the Civil Code of China, is not a valid adoption within the meaning of section 101(b)(1)(E) of the Immigration and Nationality Act, as amended, since the ratification was not effected until beneficiary was approximately 28 years old.

ON BEHALF OF PETITIONER:
Benjamin Gim, Esquire
217 Park Row
New York, New York 10038
(Brief filed)

ON BEHALF OF SERVICE:
R. A. Vielhaber
Appellate Trial Attorney

The case comes forward on appeal from the decision of the acting officer in charge, Hong Kong, B.C.C. dated November 27, 1967 denying the visa petition for the reason that the petitioner has failed to establish that he is a "parent" as defined in section 101(b)(2) of the Act or that the beneficiary was ever a "child" as defined in section 101(b)(1)(E) of the Act, in that, the consent and/or ratification which validated the adoption did not take place until the beneficiary was approximately 28 years of age and not prior to, as required, his 14th birthday.

The petitioner, a native of China, a citizen of the United States by naturalization on January 10, 1955, 78 years old, male, seeks preference quota status on behalf of the beneficiary as his son. The beneficiary is a native and citizen of China, born June 25, 1939, married. The visa petition which was filed on June 19, 1967 stated that the beneficiary was not related to the petitioner by adoption.

The notice of denial refers to an attached order dated November 24, 1967 which sets forth the basis for the denial at length. Summarizing the facts, the petitioner also filed visa petitions on behalf of his wife

and his daughters as well as his son. In the absence of civil records, blood tests were performed, the results of which showed that the blood grouping of the son was incompatible with those of the petitioner and his wife. The result of the blood grouping test was made known to the petitioner and on October 27, 1967 the petitioner presented a Statutory Declaration in which he set forth that on June 28, 1939 while he was in the United States, a male child was given to his wife by Chu Yeut Charm, a midwife, when the said child was three days old; that his wife had ever since kept and brought up the male child in their home; that she did not inform the petitioner the said child was in fact presented to her and he had therefore been under the impression that the said child was their own natural son, until his wife told him of the fact at the end of June 1967; no document of any kind was executed by any person in connection with the presentation of the child; there was no demand for any money or other consideration and that a customary gift was given to the midwife; the first time the petitioner saw the beneficiary, Tam Lim Wan, was on February 1, 1949 when he returned to his Toi Shan home from the United States, still then believing the beneficiary to be his own natural child. The facts in the Statutory Declaration were confirmed by the petitioner's wife. It is noted that the beneficiary would have been approximately 28 years of age in June 1967 when the petitioner first obtained knowledge that the beneficiary was an adopted and not a natural child.

A communication dated on November 18, 1967 from the Secretariat for Chinese Affairs, at Hong Kong reflects that the petitioner requested advice on the validity of his adoption of the beneficiary; that it appeared that the beneficiary was adopted by Madam Wong King Fong at Toi Shan, China in June 1939 when he was about three days old without the knowledge of her husband and that the true fact of the adoption was not revealed to the petitioner by his wife until the end of June 1967 when he applied to the American Consulate General for his son's entry permit to the States. According to Article 1074 of the Civil Code which was in force when the beneficiary was adopted by Madam Wong, when a married person adopts a child, she must do so jointly with the spouse; and according to Article 1079 of the code, adoption must be effected in writing, unless the person to be adopted has been brought up as a child of the adopter since infancy; in the circumstances, it was the opinion of the writer that the beneficiary was adopted by the petitioner's wife in June 1967 under the Civil Code.

Article 1074 of the Civil Code of China, effective May 5, 1931 provides that where a married person adopts a child, he must do so jointly with his spouse. Article 1079 of the Chinese Civil Code provides an adoption must be effected in writing unless the person to be adopted has been brought up as a child of the adoptive parents since infancy;

691

infancy means under seven years of age.[1] In order to be recognized as an adoption, it is necessary that the adoptive parents have brought up the child intending to adopt it; the mere fact of bringing up the child is not sufficient.[2]

Adoption is a juridical act creating between two persons certain relations, purely civil, of paternity and affiliation. Adoption in legal contemplation is the act by which the parties thereto establish the relationship of parent and child between persons not so related by nature. Acts of human kindness referable to an undertaking to rear and educate a helpless child do not prove an agreement to adopt; nor is *loco parentis* the equivalent of adoption.[3]

It has been held that a beneficiary's adoption in China by petitioner's mother on behalf of, and without the knowledge of the petitioner, without the petitioner knowing of the existence of, or personally meeting the beneficiary until the latter was over seven years of age, did not constitute a valid adoption in accordance with Article 1079 of the Chinese Civil Code since it was not established that the adoption was effected in writing or that the beneficiary was brought up since infancy, meaning under seven years of age, as a child of the adopter.[4]

The requirement of Article 1074 of the Civil Code of China providing that a married person, in order to adopt a child, must do so jointly with his spouse, is satisfied for the immigration purposes where the evidence establishes a valid adoption by the female petitioner, residence and custody with the adoptive mother for more than two years, consent and ratification of the adoption by the father when the beneficiary was less than a year old. Such consent and ratification satisfies the requirements of a valid adoption under the provisions of section 101(b)(1)(E) of the Immigration and Nationality Act. In *Matter of Jue*, Int. Dec. No. 1750, the evidence established a valid infancy adoption by the mother which was ratified in infancy by the husband. Once the valid infancy adoption had been established, the adoption was valid for immigration purposes inasmuch as it was effected before the child had reached the age of 14 years.

In the instant case the beneficiary was adopted in 1939 but the petitioner had no knowledge that this beneficiary was an adopted child until June 1967 when he consented to the adoption thus ratifying the prior act of his wife. Prior thereto the petitioner had regarded the beneficiary as a natural son and was not made aware of the fact that

---

[1] *Matter of K—B—W—*, 9 I. & N. Dec. 610, 612.

[2] *Matter of Chan*, 11 I. & N. Dec. 219, citing M. H. Van Der Valk, *An Outline of Modern Chinese Family Law* (1939), page 135, citing Dec. 1935-4823; *Thery* 1167; Ssu-fa-kung-pao 163.

[3] *Matter of Chan*, 11 I. & N. Dec. 219, 222.

[4] *Matter of Lau*, 10 I. & N. Dec. 597.

the child was an adopted son until June 1967 when the child was almost 28 years of age. The Secretariat for Chinese Affairs of the Government of Hong Kong, which is authorized to furnish opinions regarding Chinese Law and Custom, has advised that under the provisions of the Civil Code of China the effective date of the adoption was June 1967. Counsel for the respondent has produced no evidence to the contrary. The cases cited by counsel are not considered pertinent upon the facts in this case. Upon a full consideration of all the evidence the petitioner has not borne the burden of establishing that the beneficiary is an adopted child as defined in section 101(b) (1) (E) of the Immigration and Nationality Act. The appeal will be dismissed.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.